FILED
COURT
26 OCT 01 PM 3:53
DISTRICT OF UTAH
BY: ____________
DEPUTY CLERK

BARBARA K. POLICH (2620)
VANESSA B. PIERCE (7601)
PARSONS BEHLE & LATIMER
Attorneys for Helius, Inc.
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, Utah 84145-0898
Telephone: (801) 532-1234

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HELIUS, INC. a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HUGHES ELECTRONICS CORPORATION, also doing business as HUGHES NETWORK SYSTEMS, INC., a Delaware corporation,<br><br>Defendant. | **COMPLAINT**<br><br>Civil No. 2:01CV-847B<br><br>Judge ____________<br><br>JURY DEMANDED |

Plaintiff Helius, Inc. ("Helius"), demanding a trial by jury, complains against defendant Hughes Electronics Corporation, also doing business as Hughes Network Systems, Inc. ("Hughes"), and alleges:

## PARTIES

1. Plaintiff Helius is a Utah corporation with its principal place of business in Lindon, Utah.

2. On information and belief, Defendant Hughes is a Delaware corporation, with a principal place of business in Germantown, Maryland.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement under 35 U.S.C. §§ 271, 281, 283, 284, and 285.

4. Jurisdiction in this Court is proper under 28 U.S.C. §§ 1331 and 1338(a), and Utah Code Ann. § 78-27-22 et seq.

5. Venue in this Court is proper pursuant to 28 U.S.C. 1391(c) and 1400(b).

**BACKGROUND**

6. Helius is the current owner by assignment of United States Patent No. 6,205,473 B1 entitled "Method and System for Asymmetric Satellite Communications For Local Area Networks" ("the '473 patent"). That patent issued on March 20, 2001. A copy of the '473 patent is attached as Exhibit A.

7. The '473 patent generally relates to a system and method for providing high-speed, satellite-based information delivery, wherein improved communication channel efficiency is accomplished by employing an asymmetric data flow. In particular, the high bandwidth channel capacity of digital satellite systems is used for downloading large volumes of data, while relatively low speed communication channels are used for upstream data requests.

8. For each allegation made on information and belief in this Complaint, pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Helius believes that such allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

9. Hughes has actual and constructive notice of the existence of the '473 patent.

10. Hughes has acted without a license to make, sell, or use Helius' patented technology.

**CLAIM**
(Patent Infringement)

11. Helius incorporates by reference the allegations contained in paragraphs 1 through 10, above.

12. On information and belief, and without authority from Helius, Hughes has made and used products, including at least some or all of Hughes' Direct PC Products that infringe one or more of the '473 patent claims, literally or by equivalents, and thus has directly infringed those claims.

13. On information and belief, Hughes has licensed for use, sale, or resale, offered for sale, and/or sold some or all of Hughes' Direct PC Products and other products with similar characteristics to customers or potential customers to be used in methods and systems that infringe one or more of the claims of the '473 patent, literally or by equivalents, and thus Hughes has induced infringement of those claims by others.

14. On information and belief, Hughes made those offers for sale and/or sales knowing that its products, including some or all of Hughes' Direct PC Products, were especially made or especially adapted for use in an infringement of the '473 patent, and were not staple articles or commodities of commerce suitable for substantial noninfringing use. Hughes thus has engaged in contributory infringement of those '473 patent claims by others.

15. On information and belief, Hughes had actual notice and/or knowledge of the existence of the '473 patent during the time of its infringement. Notwithstanding actual knowledge of that patent, Hughes has engaged in actions that infringe that patent, and thus has deliberately and willfully infringed those claims of that patent.

16. On information and belief, if Hughes had not sold its products to be used in methods and systems that infringe the '473 patent, Hughes' customers and potential customers would have purchased some or all of those software products from Helius.

17. Helius has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law as a result of Hughes' infringement of the '473 patent. Such unlawful acts and damage will continue unless enjoined by this Court.

**JURY DEMANDED**

18. Helius demands that a jury be empanelled in this action.

**REQUEST FOR RELIEF**

Helius requests the following relief:

1. A judgment that Hughes has infringed one or more claims of the '473 patent;

2. A judgment that Hughes has induced infringement of one or more claims of the '473 patent;

3. A judgment that Hughes has engaged in contributory infringement of one or more claims of the '473 patent;

4. Pursuant to 35 U.S.C. § 283, a preliminary and permanent injunction restraining Hughes and its agents, servants, employees, attorneys, directors, successors, assigns, and all those in active concert or participation with Hughes, from committing further acts of infringement of the '473 patent during the pendency of this action and permanently afterward;

5. An order that Hughes destroy all infringing products in its custody, possession, or control, that infringe the '473 patent, and that Hughes file with this Court a written report, under oath, setting forth in detail the manner and form in which Hughes has complied with that order and with this Court's injunction;

6. Pursuant to 35 U.S.C. § 284, an award to Helius of all compensable damages based on lost profits, reduced profits, lost royalties, pre-judgment and post-judgment interest, costs, and/or for any other available form of relief based on any form of recoverable economic injury sustained by Helius as a result of Hughes' patent infringement, and that those damages be trebled as a result of Hughes' willful and deliberate infringement;

7. Pursuant to 35 U.S.C. § 285, an award of Helius' costs and attorneys' fees incurred in this action; and

8. An order granting such other and further relief as this Court deems just and proper.

DATED this 26th day of October 2001.

Barbara K. Polich

BARBARA K. POLICH
VANESSA B. PIERCE
PARSONS BEHLE & LATIMER

Attorneys for Plaintiff
Helius, Inc.

Plaintiff's address:

Helius, Inc.
387 South 520 West
Lindon, Utah 84042

430023.1