FILED
COURT
-7 NOV 01 PM 4:17
DISTRICT OF UTAH
BY: [signature]
DEPUTY CLERK

BARBARA K. POLICH (2620)
VANESSA B. PIERCE (7601)
PARSONS BEHLE & LATIMER
Attorneys for Helius, Inc.
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, Utah 84145-0898
Telephone: (801) 532-1234

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HELIUS, INC. a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HUGHES ELECTRONICS CORPORATION, also doing business as HUGHES NETWORK SYSTEMS, INC., a Delaware corporation; OPTISTREAMS, INC., a California corporation; and ORBIT COMMUNICATION CORPORATION, a Massachusetts corporation.<br><br>Defendants. | **FIRST AMENDED COMPLAINT**<br><br>Civil No. 2:01CV-847B<br><br>Judge Dee V. Benson<br><br>JURY DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiff Helius, Inc. ("Helius"), demanding a trial by jury, complains against defendant Hughes Electronics Corporation, also doing business as Hughes Network Systems, Inc. ("Hughes"), defendant Optistreams, Inc. ("Optistreams"), and defendant Orbit Communication Corporation ("Orbit"), collectively "Defendants", and alleges:

## PARTIES

1. Plaintiff Helius is a Utah corporation with its principal place of business in Lindon, Utah.



2

2. On information and belief, Defendant Hughes is a Delaware corporation, with a principal place of business in Germantown, Maryland.

3. On information and belief, Defendant Optistreams, Inc. is a California corporation, with a principal place of business in Fresno, California.

4. On information and belief, Defendant Orbit Communication Corporation is a Massachusetts corporation, with a principal place of business in Sudbury, Massachusetts.

## JURISDICTION AND VENUE

5. This is an action for patent infringement under 35 U.S.C. §§ 271, 281, 283, 284, and 285.

6. Jurisdiction in this Court is proper under 28 U.S.C. §§ 1331 and 1338(a), and Utah Code Ann. § 78-27-22 et seq.

7. Venue in this Court is proper pursuant to 28 U.S.C. 1391(c) and 1400(b).

## BACKGROUND

8. Helius is the current owner by assignment of United States Patent No. 6,205,473 B1 entitled "Method and System for Asymmetric Satellite Communications For Local Area Networks" ("the '473 patent"). That patent issued on March 20, 2001. A copy of the '473 patent is attached as Exhibit A.

9. The '473 patent generally relates to a system and method for providing high-speed, satellite-based information delivery, wherein improved communication channel efficiency is accomplished by employing an asymmetric data flow. In particular, the high bandwidth channel capacity of digital satellite systems is used for downloading large volumes of data, while relatively low speed communication channels are used for upstream data requests.

10. For each allegation made on information and belief in this Complaint, pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, Helius believes that such allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

11. Defendants have actual and constructive notice of the existence of the '473 patent.

12. Defendants have acted without a license to make, sell, or use Helius' patented technology.

**<u>CLAIM I</u>**
(Patent Infringement-Hughes)

13. Helius incorporates by reference the allegations contained in paragraphs 1 through 12, above.

14. On information and belief, and without authority from Helius, Hughes has made and used products, including at least some or all of Hughes' DirecPC Products that infringe one or more of the '473 patent claims, literally or by equivalents, and thus has directly infringed those claims.

15. On information and belief, Hughes has licensed for use, sale, or resale, offered for sale, and/or sold some or all of Hughes' DirecPC Products and other products with similar characteristics to customers or potential customers to be used in methods and systems that infringe one or more of the claims of the '473 patent, literally or by equivalents, and thus Hughes has induced infringement of those claims by others.

16. On information and belief, Hughes made those offers for sale and/or sales knowing that its products, including some or all of Hughes' DirecPC Products, were especially made or especially adapted for use in an infringement of the '473 patent, and were not staple

articles or commodities of commerce suitable for substantial noninfringing use. Hughes thus has engaged in contributory infringement of those '473 patent claims by others.

17. On information and belief, Hughes had actual notice and/or knowledge of the existence of the '473 patent during the time of its infringement. Notwithstanding actual knowledge of that patent, Hughes has engaged in actions that infringe that patent, and thus has deliberately and willfully infringed those claims of that patent.

18. On information and belief, if Hughes had not sold its products to be used in methods and systems that infringe the '473 patent, Hughes' customers and potential customers would have purchased some or all of those software products from Helius.

19. Helius has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law as a result of Hughes' infringement of the '473 patent. Such unlawful acts and damage will continue unless enjoined by this Court.

**CLAIM II**
(Patent Infringement-Optistreams)

20. Helius incorporates by reference the allegations contained in paragraphs 1 through 12, above.

21. On information and belief, and without authority from Helius, Optistreams has made and used products, including at least Optistreams' Satellite Router and BroadBand Express Software ("Optistreams' Products"), that infringe one or more of the '473 patent claims, literally or by equivalents, and thus has directly infringed those claims.

22. On information and belief, Optistreams has licensed for use, sale, or resale, offered for sale, and/or sold some or all of Optistreams' Products and other products with similar characteristics to customers or potential customers to be used in methods and systems that

infringe one or more of the claims of the '473 patent, literally or by equivalents, and thus Optistreams has induced infringement of those claims by others.

23. On information and belief, Optistreams made those offers for sale and/or sales knowing that its products, including some or all of Optisteams' Products, were especially made or especially adapted for use in an infringement of the '473 patent, and were not staple articles or commodities of commerce suitable for substantial noninfringing use. Optistreams thus has engaged in contributory infringement of those '473 patent claims by others.

24. On information and belief, Optistreams had actual notice and/or knowledge of the existence of the '473 patent during the time of its infringement. Notwithstanding actual knowledge of that patent, Optistreams has engaged in actions that infringe that patent, and thus has deliberately and willfully infringed those claims of that patent.

25. On information and belief, if Optistreams had not sold its products to be used in methods and systems that infringe the '473 patent, Optistreams' customers and potential customers would have purchased some or all of those software products from Helius.

26. Helius has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law as a result of Optistreams' infringement of the '473 patent. Such unlawful acts and damage will continue unless enjoined by this Court.

**CLAIM III**
(Patent Infringement-Orbit)

27. Helius incorporates by reference the allegations contained in paragraphs 1 through 12, above.

28. On information and belief, and without authority from Helius, Orbit has made and used products, including at least Orbit's "OrbitNet" and "Orbit Internet Sharing Solution"

software ("Orbits' Products"), that infringe one or more of the '473 patent claims, literally or by equivalents, and thus has directly infringed those claims.

29. On information and belief, Orbit has licensed for use, sale, or resale, offered for sale, and/or sold some or all of Orbit's Products and other products with similar characteristics to customers or potential customers to be used in methods and systems that infringe one or more of the claims of the '473 patent, literally or by equivalents, and thus Orbit has induced infringement of those claims by others.

30. On information and belief, Orbit made those offers for sale and/or sales knowing that its products, including some or all of Orbit's Products, were especially made or especially adapted for use in an infringement of the '473 patent, and were not staple articles or commodities of commerce suitable for substantial noninfringing use. Orbit thus has engaged in contributory infringement of those '473 patent claims by others.

31. On information and belief, Orbit had actual notice and/or knowledge of the existence of the '473 patent during the time of its infringement. Notwithstanding actual knowledge of that patent, Orbit has engaged in actions that infringe that patent, and thus has deliberately and willfully infringed those claims of that patent.

32. On information and belief, if Orbit had not sold its products to be used in methods and systems that infringe the '473 patent, Orbit's customers and potential customers would have purchased some or all of those software products from Helius.

33. Helius has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law as a result of Orbit's infringement of the '473 patent. Such unlawful acts and damage will continue unless enjoined by this Court.

**CLAIM IV**

(Hughes' Intentional Interference with Prospective Economic Relations)

34. Helius incorporates by reference the allegations contained in paragraphs 1 through 12, above.

35. Since the issuance of the '473 patent, Helius has actively asserted its rights to exclude others from making, using or selling the patented technology. In addition to the claims herein, Helius has filed separate patent infringement suits against Broadlogic Network Technologies ("Broadlogic") and Skystream Networks, Inc. ("Skystream").

36. Commonly, in patent infringement cases, the parties settle by entering into a license agreement. Helius offered license agreements to both Broadlogic and Skystream.

37. On information and belief, Hughes contacted both Broadlogic and Skystream and instructed that they avoid entering into any license agreements with Helius to use the technology claimed in the '473 patent.

38. On information and belief, Hughes intentionally interfered with Helius' potential license agreements with Broadlogic and with Skystream to avoid having to take a license itself, and thus to continue to use Helius' patented technology without compensating Helius.

39. Helius' settlement and license agreement with Broadlogic was delayed by Hughes' intentional interference.

40. On information and belief, settlement negotiations with Skystream have stalled due to Hughes' improper actions.

41. On information and belief, if Hughes had not interfered with the potential license agreement with Broadlogic, settlement between Helius and Broadlogic would not have been delayed, and Helius would not have incurred additional costs associated with such delay.

## JURY DEMANDED

42. Helius demands that a jury be empanelled in this action.

## REQUEST FOR RELIEF

Helius requests the following relief:

1. A judgment that Hughes has infringed one or more claims of the '473 patent;

2. A judgment that Hughes has induced infringement of one or more claims of the '473 patent;

3. A judgment that Hughes has engaged in contributory infringement of one or more claims of the '473 patent;

4. Pursuant to 35 U.S.C. § 283, a preliminary and permanent injunction restraining Hughes and its agents, servants, employees, attorneys, directors, successors, assigns, and all those in active concert or participation with Hughes, from committing further acts of infringement of the '473 patent during the pendency of this action and permanently afterward;

5. An order that Hughes destroy all infringing products in its custody, possession, or control, that infringe the '473 patent, and that Hughes file with this Court a written report, under oath, setting forth in detail the manner and form in which Hughes has complied with that order and with this Court's injunction;

6. Pursuant to 35 U.S.C. § 284, an award to Helius of all compensable damages based on lost profits, reduced profits, lost royalties, pre-judgment and post-judgment interest, costs, and/or for any other available form of relief based on any form of recoverable economic injury sustained by Helius as a result of Hughes' patent infringement, and that those damages be trebled as a result of Hughes' willful and deliberate infringement;

7. A judgment that Optistreams has infringed one or more claims of the '473 patent;

8. A judgment that Optistreams has induced infringement of one or more claims of the '473 patent;

9. A judgment that Optistreams has engaged in contributory infringement of one or more claims of the '473 patent;

10. Pursuant to 35 U.S.C. § 283, a preliminary and permanent injunction restraining Optistreams and its agents, servants, employees, attorneys, directors, successors, assigns, and all those in active concert or participation with Optistreams, from committing further acts of infringement of the '473 patent during the pendency of this action and permanently afterward;

11. An order that Optistreams destroy all infringing products in its custody, possession, or control, that infringe the '473 patent, and that Optistreams file with this Court a written report, under oath, setting forth in detail the manner and form in which Optistreams has complied with that order and with this Court's injunction;

12. Pursuant to 35 U.S.C. § 284, an award to Helius of all compensable damages based on lost profits, reduced profits, lost royalties, pre-judgment and post-judgment interest, costs, and/or for any other available form of relief based on any form of recoverable economic injury sustained by Helius as a result of Optistreams' patent infringement, and that those damages be trebled as a result of Optistreams' willful and deliberate infringement;

13. A judgment that Orbit has infringed one or more claims of the '473 patent;

14. A judgment that Orbit has induced infringement of one or more claims of the '473 patent;

15. A judgment that Orbit has engaged in contributory infringement of one or more claims of the '473 patent;

16. Pursuant to 35 U.S.C. § 283, a preliminary and permanent injunction restraining Orbit and its agents, servants, employees, attorneys, directors, successors, assigns, and all those in active concert or participation with Orbit, from committing further acts of infringement of the '473 patent during the pendency of this action and permanently afterward;

17. An order that Orbit destroy all infringing products in its custody, possession, or control, that infringe the '473 patent, and that Orbit file with this Court a written report, under oath, setting forth in detail the manner and form in which Orbit has complied with that order and with this Court's injunction;

18. Pursuant to 35 U.S.C. § 284, an award to Helius of all compensable damages based on lost profits, reduced profits, lost royalties, pre-judgment and post-judgment interest, costs, and/or for any other available form of relief based on any form of recoverable economic injury sustained by Helius as a result of Orbit's patent infringement, and that those damages be trebled as a result of Orbit's willful and deliberate infringement;

19. Pursuant to 35 U.S.C. § 285, an award of Helius' costs and attorneys' fees incurred in this action;

20. Compensatory and punitive damages in an amount to be determined at trial due to Hughes' intentional interference with Helius' potential license agreements.

21. An order granting such other and further relief as this Court deems just and proper.

DATED this 7th day of November 2001.

Vanessa B Pierce

BARBARA K. POLICH
VANESSA B. PIERCE
PARSONS BEHLE & LATIMER

Attorneys for Plaintiff
Helius, Inc.

Plaintiff's address:

Helius, Inc.
387 South 520 West
Lindon, Utah 84042

430023.2